**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davonne Williams, | No. CV-21-01760-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Walter Rattray, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion to dismiss. (Doc. 27.) For the following reasons, the motion is granted but Plaintiff is granted leave to amend.

## BACKGROUND

On October 18, 2021, Plaintiff Davonne Williams ("Plaintiff"), who is proceeding *pro se*, initiated this action by filing a complaint. (Doc. 1.) The complaint names five defendants (two individuals, two churches, and one charitable organization) and purports to assert claims under the First Amendment, Title VII, the Religious Freedom Restoration Act, the Fair Labor Standards Act, and the False Claims Act. (*Id.* at 2-4.) In the portion of the complaint setting forth the facts underlying these claims, Plaintiff suggests he is also asserting various state-law tort claims, including negligent hiring, invasion of privacy, illegal surveillance, and kidnapping, as well as a claim for "Mail Fraud." (*Id.* at 6.) The remainder of the statement of facts consists of a rambling, single-spaced, multi-page narrative. (*Id.* at 6-10.)

On January 14, 2022, Defendants filed the pending motion to dismiss. (Doc. 27.)

First, Defendants argue the complaint violates Rule 8 because "Plaintiff fails to set forth any specific causes of action against any of the Defendants," "fails to set forth his allegations in simple, concise, sentences," and simply offers "a rambling, incoherent narrative that fails to provide any of the Defendants with notice of what claims are being asserted against them and why such claims are being asserted against them." (*Id.*) Second, Defendants argue that "some of Plaintiff's claims are invalid on their face. For example, Plaintiff asserts an unspecified First Amendment violation, even though none of the Defendants are governmental entities or officials. In fact, Defendants are religious organizations who are themselves entitled to protection under the First Amendment. Likewise, Plaintiff asserts an unspecified violation of the Fair Labor Standards Act even though Plaintiff was never an employee of Defendants." (*Id.*)

On January 24, 2022, Plaintiff filed an opposition to Defendants' motion. (Doc. 28.) The opposition largely fails to address Defendants' arguments and instead offers a series of additional factual allegations. (*Id.*)

On February 7, 2022, Defendants filed a reply in support of their motion. (Doc. 34.) Defendants contend they are entitled to summary relief under LRCiv 7.2 because Plaintiff failed to respond to their arguments and otherwise reiterate their earlier reasons for seeking dismissal. (*Id.*)

**DISCUSSION**

I.   Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* On the other hand, "[i]f the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based

on the evidence, then . . . the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II.     Analysis

Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the complaint involves scattered, rambling statements—blending alleged facts, opinions, and legal conclusions with little cohesion or organizational structure. There is no way to determine what causes of action are being raised, or for what conduct. Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what [it] is being sued for." *McHenry*, 84 F.3d at 1178.

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's First Amended Complaint ("FAC") must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the FAC must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the FAC shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

"[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, Plaintiff's FAC must stand alone—that is to say, the FAC will supersede all previous complaints filed in this action, so it must be "complete in itself without reference to [any] superseded pleading," and Plaintiff is advised that the Court will consider only the allegations within the FAC. *Do-Nguyen v. Clinton*, 100 F. Supp. 2d 1241, 1243 n.2 (S.D. Cal. 2000).

Plaintiff is further advised that if the FAC fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry*, 84 F.3d at 1177 (affirming dismissal with

prejudice of amended complaint that did not comply with Rule 8(a)).  Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the FAC is found to be deficient.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is again directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure.  (Doc. 5.)

Accordingly,

**IT IS ORDERED** that:

1. Defendants' motion to dismiss (Doc. 27) is **granted**.

2. Plaintiff may, by **March 30, 2022**, file a First Amended Complaint ("FAC"). The FAC must adhere to LRCiv 7.1 and must follow the guidance provided in this order.

3. If Plaintiff fails to file a FAC by **March 30, 2022**, the Clerk shall terminate the action.

Dated this 16th day of March, 2022.

Dominic W. Lanza
United States District Judge