**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davonne Williams, | No. CV-21-01760-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Walter Rattray, et al., | |
| Defendants. | |

## INTRODUCTION

Davonne Williams ("Plaintiff"), who is proceeding *pro se*, initiated this action by filing a sprawling complaint that named five Defendants and purported to assert claims under the First Amendment, Title VII, the Religious Freedom Restoration Act ("RFRA"), the Fair Labor Standards Act ("FLSA"), and the False Claims Act as well as various state-law tort claims, including negligent hiring, invasion of privacy, illegal surveillance, and kidnapping. (Doc. 1.) In a March 2022 order, the Court dismissed the complaint with leave to amend. (Doc. 43.) Afterward, Plaintiff filed a First Amended Complaint ("FAC") (Doc. 45) and Defendants moved to dismiss the FAC (Docs. 49-51). After Plaintiff failed to respond, the Court warned Plaintiff that it could summarily grant the dismissal motions under LRCiv 7.2(i) but stated that, "[i]n light of Plaintiff's *pro se* status and as a one-time courtesy," the response deadline would be extended. (Doc. 53.) Plaintiff then filed responses (Docs. 54-56) and Defendants filed replies (Docs. 57-59).

For the following reasons, all three motions are granted and this action is terminated.

**DISCUSSION**

I.  The FAC

The FAC begins by asserting that this Court has "original jurisdiction" under RFRA, 42 U.S.C. § 2000 *et seq.*, and under various tort doctrines ("Negligent Supervision," "Unconscionable and Abusive Contact," and "Kidnap and Unlawful Confinement"). (Doc. 45 at 1.)

Next, the FAC names five Defendants: (1) Walter Rattray; (2) Tommy Barnett; (3) Church on the Streets; (4) City Help Inc. of Phoenix; and (5) Dream City Church. (*Id.* at 1-2.)

Next, the FAC contains case citations intended to establish that, because Plaintiff is proceeding *pro se*, he is entitled to a lenient standard of review. (*Id.* at 2.)

Next, the FAC contains a single paragraph entitled "Statement of Facts," which provides in its entirety as follows:

> Defendants Walter Rattray and Tommy Bennett along with their respective properties Church On the Street better known as COTS in cooperation with City Help Inc. of Phoenix and Dream City Church where unlawful acts entailing this complaint were committed against plaintiff, are guilty of a host of civil and illegal/criminal wrongdoings against plaintiff that caused him to suffer psychological trauma, mental anguish, embarrassment, and pain and suffering through intentional infliction of emotional distress and negligent infliction of emotional distress involving kidnap and unlawful detention by means of an abusive contract and abuse of power. As well as negligent supervision which cause plaintiff to suffer Religious Harassment on the bases of Religious Aversions, as well as sexual harassment on the bases of sexual assault, illegal surveillance, including invasion of privacy which mail fraud and identity theft arise from.

(*Id.* at 2-3.)

Next, the FAC asserts three claims. In Count One, which is a claim for "Duress/Coercion," the FAC alleges that "Defendants illegally forced Plaintiff to be transported and detained against his will by way of threat and intimidation through unconscionable and abusive contract; although it is illegal to force someone into a vehicle in which they don't feel suited to travel in/and or presents an enhanced risk or don't want

to be transported. Furthermore, one Defendant City Help Inc. of Phoenix dba Dream Center also acts as a public agent which prohibits them from sponsoring and imposing a religious requirement for condition of any of their services; Tommy Barrett and Dream Center sponsor and impose this religious requirement through its officer Walter Rattray and relationship with Church on The Street as well as Dream City Church which both are affiliated." (*Id.* at 3.)

In Count Two, which is a claim for "Negligent Supervision," the FAC alleges that "[d]uring the times referenced in the foregoing part of Plaintiff's Complaint, Defendants are guilty of negligent supervision by not dutifully attending and overseeing their property and operation at Church on the Street which thereby permitted the illegal and harmful activities enacted against Plaintiff to be committed while fostering a dangerous and unsafe environment by use of unsuitable volunteers who are actually chronically homeless men incapable of being impartial but are being employed and allowed to run the place with zero appropriate supervision." (*Id.*)

In Count Three, which is a claim for "Religious Bias, Harassment and Discrimination," the FAC alleges that "Plaintiff was directed by COTS by a phone representative from Dream Center after inquiring about shelter and affordable housing programs for men stemming from a recent eviction. Plaintiff then learned that in order to stay at COTS he was required to attend an outrageous schedule of religious activities and services including those scheduled on the premise of Dream Center and Dream City Church where Plaintiff did not reside and which further impose a religious burden to Plaintiffs['] belief as well as Plaintiffs['] ability to find work and find independent living. Plaintiff was also subject to numerous adverse behaviors and targeting against him because of his religious affiliation and objection to COTS['] unconscionable and abusive contract. As well as becoming a victim and target of illegal surveillance, invasion of privacy and sexual assault while sleeping." (*Id.* at 4.)

…

…

II. <u>Legal Standard</u>

"[T]o survive a motion to dismiss under Rule 12(b)(6), a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1444-45 (citation omitted). However, the Court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-680. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679. The Court also may dismiss due to "a lack of a cognizable theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

III. <u>The Parties' Arguments</u>

Defendants have filed three motions to dismiss. In the first motion, Defendants Rattray and Church On the Street argue the FAC should be dismissed for the following reasons: (1) the FAC "does not . . . articulate any factual or legal bases to explain or support any of [the] purported causes of action against each of the individual or corporate Defendants" and instead "offer[s] only vague, conclusory allegations with no explanation as to which Defendants did what or when each Defendant acted"; (2) although the FAC

"assert[s] vague First Amendment violations, as well as an unspecified violation of the H.R. Religious Freedom Restoration Act of 1993, . . . none of the Defendants are governmental entities or officials"; (3) to the extent the FAC is attempting to assert employment claims under the FLSA and/or 42 U.S.C. § 2000, Plaintiff was never an employee and never filed a charge of discrimination with the EEOC; (4) to the extent the FAC is attempting to assert claims for coercion and duress, those are affirmative defenses rather than claims; (5) to the extent the FAC is attempting to assert contract-based claims, the contract is never described in any detail or provided as an attachment; and (6) the FAC does not allege the dates on which any of the challenged conduct occurred, so it "fails to demonstrate that any of Plaintiff's claims were filed within the relevant statute of limitations." (Doc. 49.)

In the second and third motions, Defendant City Help, Inc. dba Phoenix Dream Center (Doc. 50) and Defendants Barnett and Dream City Church (Doc. 51) make essentially the same arguments.

In response to the first motion, Plaintiff asserts in conclusory fashion that the FAC "does in fact state multiple claims and causes for action under which relief should be granted and does lay out the charges being brought forth against Defendants in a 'simple, direct, and clear' manner such that Defendants . . . can easily determine what they are being sued for as well as what they did wrong and how it injured Plaintiff in this case." (Doc. 56 at 1.) Plaintiff also contends the FAC "fully incorporates Plaintiff's original Complaint and the precise names, times and details are also included in Plaintiff's original court case filings which have already been discussed and laid out to the parties to this case [in the] Joint Case Management Report." (*Id.*) Plaintiff also includes what purports to be a copy of the contract used by Church On The Street. (*Id.* at 3-4.)

In response to the second motion, Plaintiff makes similar arguments and also contends that City Help, Inc. of Phoenix "uses federal grants on behalf of the Federal Government that include Housing, Sobriety and Human Sex Trafficking which also makes Dream Center a Religious Charitable Organization acting as a Public Agent which

therefore surrenders certain aspects of its religious protection defense." (Doc. 55 at 1-2.) Additionally, Plaintiff contends that City Help, Inc.'s website falsely claims that its services are "not conditional on a person's faith." (*Id.* at 2.)

In response to the third motion, Plaintiff repeats similar arguments while also asserting that Dream City Church is "complicit with Church on The Street's unconscionable and abusive contract." (Doc. 54 at 1.)

In reply, Defendants Rattray and Church On the Street contend that Plaintiff "fails to substantively address any of the arguments raised in [the] Motion to Dismiss" and "offers only hollow conclusory assertions"; "mistakenly claims that his First Amended Complaint incorporates factual allegations from his original Complaint, but . . . does not explain (or identify) which factual allegations from his original Complaint would somehow bring his First Amended Complaint into compliance with this Court's March 16, 2022 Order"; and fails to show that Defendants are governmental entities or officials (as required for First Amendment and RFRA claims) or were Plaintiff's employer (as required for FLSA and 42 U.S.C. § 2000 claims). (Doc. 58 at 1-3.)

The remaining Defendants make similar arguments in their reply briefs. (Docs. 57, 59.)

IV. <u>Analysis</u>

The Court agrees with Defendants that the FAC is subject to dismissal.

As an initial matter, the FAC is filled with generalities and conclusory statements and lacks essential details such as the dates on which the challenged acts occurred, the nature of those acts, and the identities of the Defendant(s) who committed those acts. The absence of such details means the FAC fails to state a claim. Although Plaintiff asserts that the relevant details appear in his original complaint and/or in other court filings, which are incorporated by reference into the FAC, the March 2022 order dismissing Plaintiff's original complaint specifically warned Plaintiff that such incorporation by reference was impermissible: "The general rule is that an amended complaint supersedes the original complaint and renders it without legal effect. Thus, Plaintiff's FAC must stand alone—

that is to say, the FAC will supersede all previous complaints filed in this action, so it must be complete in itself without reference to any superseded pleading, and Plaintiff is advised that the Court will consider only the allegations within the FAC." (Doc. 43 at 4, cleaned up.)

This is only one of several fatal problems with the FAC. Among other things, the FAC does not purport to invoke this Court's diversity jurisdiction—there are no allegations as to the citizenship of the parties or the amount in controversy. Even under an extremely charitable reading of the FAC, the only federal claims being asserted are religious discrimination claims under RFRA and/or 42 U.S.C. § 1983 and employment-related claims under the FLSA and/or 42 U.S.C. § 2000 *et seq.* Those claims are subject to dismissal because the FAC does not allege that any Defendant is a government or state actor (as required for the former set of claims)[1] or served as Plaintiff's employer (as required for the latter set of claims).[2] And without any valid federal claim, the Court would decline to exercise supplemental jurisdiction over any remaining state-law claims Plaintiff may have been intending to assert. 28 U.S.C. § 1367(c).

For these reasons, the FAC must be dismissed. Additionally, the dismissal is without leave to amend. It is true that "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). Nevertheless, the Court concludes with absolute clarity, in part due to Plaintiff's inability to comply with the detailed instructions that were provided following the dismissal of his original complaint, that

---

[1] *See, e.g., Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 844 (9th Cir. 1999) (noting that "a RFRA claim can be brought only against one who is engaged in governmental (or state) action") (cleaned up); *Vell Harris v. Cal. Med. Forensic Serv.*, 2016 WL 5407820, *4 (D. Haw. 2016) ("[Defendants] are not covered by the RFRA in their status as a private entity because they are not a government.").

[2] *See, e.g., Quinonez v. Reliable Auto Glass, LLC*, 2012 WL 2848426, *2 (D. Ariz. 2012) ("[T]he FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay.") (citation and internal quotation marks omitted); *Revolorio v. C&R Canoga Park*, 2010 WL 11515195, *2 (C.D. Cal. 2010) ("[T]o state a FLSA claim, a plaintiff must plead that . . . the defendant was the plaintiff's employer . . . .").

Plaintiff would not be able to cure the deficiencies if given yet another opportunity to amend. *Ascon Props., Inc. v. Mobil Oil. Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Defendants have already been forced to engaged in two rounds of motion-to-dismiss briefing and should not be required to go through this exercise again.

Accordingly,

**IT IS ORDERED** that:

1. Defendants' motions to dismiss (Docs. 49, 50, 51) are **granted**.
2. The FAC is dismissed without leave to amend.
3. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 3rd day of June, 2022.

Dominic W. Lanza
United States District Judge